**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STEPHEN HARRIS,**

                      **Plaintiff,**

**-vs-**                                              **Case No.  6:10-cv-1791-Orl-31DAB**

**DISPOSE ALL, INC.,**

                      **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 14)**
>
> **FILED:**     April 4, 2011
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated

judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the Plaintiff's responses to the Court's Interrogatories (Doc. No. 11-1), Plaintiff was employed by Defendant as a dump truck driver from approximately May through November 2010 (excluding four weeks when he worked in the sales department), where Plaintiff was paid by the load, averaging approximately $650 per week. Plaintiff sought $2,109.34 for an average of 20 hours per week of overtime, plus an equal amount in liquidated damages. Doc. No. 11-1. The parties state that, upon "review of the pay records and a more in-depth review and calculation, it was determined that Plaintiff was compensated more than Plaintiff, Plaintiff's counsel or defense counsel first realized." Doc. 14. Plaintiff will receive $670 in unpaid overtime wages. Doc. 14.

Plaintiff's decision to accept this amount of unpaid overtime wages was based upon his acknowledgment that he may not have worked exactly 60 hours in each and every workweek during the relevant period and that the unpaid overtime had significantly decreased once records were provided by Defendant. Plaintiff agreed to waive his claim for liquidated damages based upon the

foregoing facts and in order to avoid the costs, time and risks associated with continuing the litigation. Doc. 14. Plaintiff warrants and agrees that the amount of the settlement **represents payment-in-full** of his alleged unpaid wages to which claims or may claim entitlement. Doc. 14.

The parties have agreed that Defendant will pay Plaintiff's attorneys $2,330 in attorney's fees and costs. Doc. No. 14. Because the Plaintiff has received the full amount sought for wages and liquidated damages, once the records were provided by Defendant, the Court does not review the amount of attorney's fees and costs.

Settlement in the amount of **$670** to Plaintiff for unpaid wages and liquidated damages, and **$2330** for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 12, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy